**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

SOPHIA BALOW, et al.,

    Plaintiffs,

v.

MICHIGAN STATE UNIVERSITY, et al.,

    Defendants.

Civil Action No. 1:21-cv-0044

Hon. Hala Y. Jarbou

Magistrate Judge Phillip J. Green

| | |
|---|---|
| BAILEY GLASSER, LLP<br>Lori Bullock AT0012240<br>PO Box 197, Akeny, IA 50023<br>Telephone: (515) 416-9051<br>lbullock@baileyglasser.com<br>*Attorney for Plaintiffs*<br><br>NEWKIRK ZWAGERMAN, PLC<br>Jill Zwagerman, AT0000324<br>Danya Keller AT0012300<br>521 E. Locust Street, Suite 300<br>Des Moines, IA 50309<br>Telephone: (515) 883-2000<br>jzwagerman@newkirklaw.com<br>dkeller@newkirklaw.com<br>*Attorney for Plaintiffs*<br><br>BOGAS & KONCIUS, PC<br>Brian E. Koncius (P69278)<br>Local Counsel for Plaintiffs<br>31700 Telegraph Road, Suite 160<br>Bingham Farms, MI 48025<br>Telephone: (248) 502-5001<br>bkoncius@kbogaslaw.com<br>*Attorney for Plaintiffs* | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>Scott R. Eldridge (P66452)<br>Brian M. Schwartz (P69018)<br>Ashley N. Higginson (P83992)<br>Erika L. Giroux (P81998)<br>One Michigan Ave. Suite 900<br>Lansing, MI 48933<br>eldridge@millercanfield.com<br>schwartzb@millercanfield.com<br>higginson@millercanfield.com<br>giroux@millercanfield.com<br>*Attorneys for Defendants*<br><br>MICHIGAN STATE UNIVERSITY OFFICE OF THE GENERAL COUNSEL<br>Elizabeth M. Watza (P81129)<br>426 Auditorium Rd., Rm. 494<br>East Lansing, MI 48824-2600<br>(517) 353-4934<br>watzaeli@msu.edu<br>*Attorneys for Defendants* |

**DEFENDANTS' RESPONSE AND OBJECTION TO**
**PLAINTIFFS' SUPPLEMENTAL EXHIBIT [ECF No. 105]**

    Defendants hereby respond and object to Plaintiffs' Supplemental Exhibit (ECF No. 105). Without leave or invitation from the Court, Plaintiffs offer an unauthenticated document riddled with hearsay within hearsay in a vain attempt to show that there *may* still be an ability to create a

viable and competitive season for a women's swim team by the start of October (the approximate first date of competition for swimming). Transcript, ECF No. 102, PageID.1977. This attempt utterly fails. Despite Plaintiffs' express request to supplement at the July 21 hearing, the Court did not offer any opportunity to supplement and should afford this supplemental exhibit no weight for the following reasons.

At the July 21, 2022 hearing on Plaintiffs' motion for preliminary injunction, Plaintiffs' counsel opined that the Big Ten swim and dive schedule is not set yet for the 2022-23 season and asserted without basis that it could be easily created. *Id.*, PageID.1986. Plaintiffs now seek to bolster this bald assertion by providing a letter from the College Swimming & Diving Coaches Association of America ("CSCAA"). The letter purports to serve as "confirmation" that Big Ten coaches are willing to schedule competition with Michigan State, in addition to seven non-conference coaches.

The CSCAA letter is purported to be signed by Executive Director Samantha Barany and lists the Board of Directors – none of whom are affiliated with the Big Ten. Further, in no way does the letter explain how Ms. Barany is aware of the information in her letter, including whether she actually communicated with the coaches of those other universities. The letter also does not verify that the coaches who purportedly would be willing to compete with Michigan State in swimming actually have the authority to make or approve such a decision – as opposed to their Athletic Directors or conference leadership. The CSCAA does not possesses any power over the NCAA or Big Ten and a review of its bylaws makes plain that it has no authority or control over scheduling of collegiate competition at all.[1]

---

[1] See CSCAA Bylaws, publicly available at: https://www.cscaa.org/bylaws

Additionally, there is no reason why Plaintiffs' purported evidence was not offered by Plaintiffs with their briefing, prior to the hearing, as it is not new evidence. Just as supplemental briefing is not permitted where caselaw already existed that a party declined to utilize, supplementing with evidence that was readily available at the time of Plaintiffs' original briefing need not be considered now, as it is untimely. See, e.g., *Gooch v. Life Invs. Ins. Co. of Am.,* 672 F.3d 402, 416 (6th Cir. 2012) (Ruling "pre-injunction limitations on discovery cannot transform prior existing, but undiscovered, facts into 'new evidence'" and denying a request to modify preliminary injunction based on this previously available evidence.); *Coleman v. Ann Arbor Transp. Auth.,* 947 F. Supp. 2d 777, 788 (E.D. Mich. 2013) (declining to consider arguments not raised in initial briefs); *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.,* 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004) (A party "certainly cannot raise an argument for the first time," in supplemental briefing. "To hold otherwise would countenance litigation by ambush.").

Next, this letter is not a signed affidavit or declaration under penalty of perjury. *See* 28 U.S.C. 1746; *Sweeting v. Wes,* 2020 WL 6707299, at *2 (S.D. Ohio Nov. 16, 2020) (unsworn conclusory allegations do not establish a substantial likelihood of success on the merits); *Tenneco Auto. Operating Co. v. Kingdom Auto Parts, 410* F. App'x 841, 848 (6th Cir. 2010) (unsworn statements "must be disregarded" at the summary judgment stage.) Instead, the letter amounts to nothing more than blatant hearsay within hearsay. While injunctive relief procedures are less formal and complete than a trial on the merits, at the preliminary injunction stage the admissibility of hearsay evidence still must be considered as to weight (rather than preclusion). See *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) (citing cases). Importantly, "the proof required for the plaintiff[s] to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion," and summary judgment requires that facts be presented

3

in a form that would be admissible evidence. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); FRCP 56(c).

Where, as here, the evidence amounts to hearsay within hearsay, an exception will be required to cover both layers of hearsay. Fed. R. Evid. 805. There is little likelihood such layered burden could be cured here. Indeed, this letter provides no foundation or understanding as to how the writer has any knowledge of the opinions of Big Ten swim coaches. More importantly, Plaintiffs quite obviously requested this letter in support of their motion – and yet did not obtain a sworn statement to support the veracity of the declarant's statements. Such a failure emphasizes the unreliability of the letter.

Ultimately, this last-ditch effort by Plaintiffs to show that someone *might* be willing to compete against Michigan State if it had a swim team only highlights why their motion for preliminary injunction must be denied. This letter offers speculative hypotheticals and it does nothing to solve the myriad administrative impossibilities surrounding creating a viable and competitive women's swim team by the start of October of 2022 (less than three months from now) – which still has no roster or coaching staff to round out a viable team. Plaintiffs have not offered evidence, as is their burden, to support that there is indeed *actually* sufficient interest and ability and competition to sustain a viable intercollegiate women's swim and dive team.

For all these reasons, Defendants object to any weight or consideration being given to ECF 105 and respectfully request that the Court disregard in totality Plaintiffs' July 27, 2022 supplement in support of their motion for preliminary injunction.

                                                                        Respectfully submitted,

                                                                        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                                                        By: */s/ Scott R. Eldridge*
                                                                             Scott R. Eldridge (P66452)
                                                                             Brian M. Schwartz (P69018)
                                                                             Ashley N. Higginson (P83992)
                                                                             Erika L. Giroux (P81998)
                                                                             One Michigan Ave. Suite 900
                                                                             Lansing, MI 48933
                                                                             eldridge@millercanfield.com
                                                                             schwartzb@millercanfield.com
                                                                             higginson@millercanfield.com
                                                                             giroux@millercanfield.com
                                                                             *Attorneys for Defendants*

Dated: July 28, 2022

## CERTIFICATE OF SERVICE

       I hereby certify that on July 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing upon all ECF filing participants.

                                          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                          */s/ Scott R. Eldridge*

Scott R. Eldridge (P66452)
Attorneys for Defendants
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com

5