IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOPHIA BALOW, et al.,<br>    Plaintiffs,<br><br>v.<br><br>MICHIGAN STATE UNIVERSITY, et al.,<br><br>    Defendants. | CIVIL ACTION NO.  1:21-cv-00044<br><br>Hon. Hala Y. Jarbou<br><br>Magistrate Judge Phillip J. Green |

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Scott Robert Eldridge (P66452)
Brian Mark Schwartz (P69018)
Erika L Giroux (P81998)
Ashley N. Higginson (P83992)
eldridge@millercanfield.com
schwartzb@millercanfield.com
giroux@millercanfield.com
higginson@millercanfield.com
120 N Washington Square, Suite 900
Lansing, MI 48993
Telephone: 517-483-4918

MICHIGAN STATE UNIVERSITY
OFFICE OF THE GENERAL COUNSEL
Elizabeth M. Watza (P81129)
watzaeli@msu.edu
426 Auditorium Rd, Room 494
East Lansing, MI 48824
Telephone: 517-884-9483
ATTORNEYS FOR DEFENDANTS

NEWKIRK ZWAGERMAN, P.L.C
Jill Zwagerman, AT0000324
Danya Keller AT0012300
jzwagerman@newkirklaw.com
dkeller@newkirklaw.com
521 E. Locust Street, Suite 300
Des Moines, IA 50309
Telephone: (515) 883-2000

BAILEY GLASSER, LLP
Lori Bullock AT0012240
309 E. 5th Street, Suite 202B
Des Moines, IA 50309
Telephone: 515-416-9051
lbullock@baileyglasser.com

BOGAS & KONCIUS, PC
Brian E. Koncius (P69278)
bkoncius@kbogaslaw.com
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
Telephone: (248) 502-5001
ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS' RESISTANCE TO DEFENDANT'S OBJECTION TO ECF #105 – PLAINTIFFS' SUPPLEMENTAL EXHIBIT  23**

On July 21, 2022, this Court heard arguments for the Plaintiffs' Motion for Preliminary Injunction. During that hearing, the Court asked whether counsel for either party knew if the Big Ten Swim and Dive schedule had been set for the upcoming 2022-23 academic year. This issue had never come up in either party's briefing to the Court, nor had either party explored the topic in discovery up to that point.[1] At the hearing, Plaintiffs' counsel responded that she would be surprised to learn that the schedules had already been solidified or that MSU could not be included on schedules for the upcoming academic year, but that she would try to obtain that information for the Court. Plaintiffs are not raising an argument for the first time with exhibits 23 and 24; instead, they are answering a question posed by the Court as promised on the record during the hearing.

MSU now attempts to discount this new information through argument rather than evidence. MSU does not—and cannot—claim, for example, that Big Ten or other identified coaches are unwilling to schedule meets with a reinstated swimming and diving team. Nor does MSU suggest that the 2022-23 schedules of Big Ten schools would prohibit the inclusion of a reinstated team. Because it has no *evidence* to rebut the statements contained in the letter and declaration of Samantha Barany,

---

[1] As such, MSU's claim that "there is no reason [that] Plaintiffs' purported evidence was not offered by Plaintiffs with their briefing, prior to the hearing, as it is not new evidence," ECF No. 106 at 3, is simply false. The evidence gathered in response to the Court's question—which neither party had previously raised or attempted to answer—is unquestionably new. And MSU has nothing to rebut it.

2

Executive Director of the College Swimming & Diving Coaches Association of America, MSU instead seeks to have the Court ignore the existing evidence altogether. But this effort falls flat.

First, to address MSU's concerns regarding the veracity of the information, Plaintiffs' counsel has sought and obtained a declaration signed under penalty of perjury. *See* Ex. 24. This declaration—like the letter before it—squarely answers the Court's question about the feasibly of scheduling sufficient competition for a reinstated swimming and diving team at MSU. As such, the Court should consider the information to the extent the scheduling question factors into its analysis of whether to grant Plaintiffs' motion for preliminary injunction.

Second, as Defendants rightfully admit, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); ECF No. 106 at 3. In fact, "the Court may properly consider documentary support for a motion for preliminary injunction regardless of whether the materials satisfy the rules of evidence." *Bazzy Invs. v. City of Dearborn*, No. 16-10879, 2018 WL 10962765, at *3 (E.D. Mich. Aug. 2, 2018) (quoting *Telma Retarder, Inc. v. Balish*, No. 17-cv-11378, 2017 WL 3276468, at *3 (E.D. Mich. Aug. 2, 2017); *see also Fidelity Brokerage Servs. LLC v. Clemens*, 2013 WL 5936671, at *5 (E.D. Tenn. Nov. 4, 2013) ("Generally speaking, district courts

within [the Sixth Circuit] have not required stringent adherence to rules of evidence when reviewing petitions for injunction relief." (citations omitted)); *Damon's Rests., Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 620 (S.D. Ohio 2006) (colleting cases permitting use of hearsay evidence for preliminary injunctions).[2]

Put simply, that the letter and declaration may contain hearsay is no barrier to considering it as to the present motion. Both the letter and the declaration are properly before the Court, and Plaintiffs urge the Court to give Ms. Barany's statements the appropriate weight regarding any lingering scheduling concerns.

Respectfully submitted,

By: /s/ *Lori A. Bullock*

BAILEY GLASSER, LLP
Lori Bullock AT0012240
309 E. 5th Street, Suite 202B
Des Moines, IA 50309
Telephone: 515-416-9051
lbullock@baileyglasser.com
ATTORNEYS FOR PLAINTIFFS

Dated: July 29, 2022

---

[2] MSU's argument that the evidence considered on a motion for preliminary injunction must be admissible to be considered because "the proof required for the plaintiff[s] to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion," ECF No. 106 at 3, simply conflates standards and ignores binding case law. That a plaintiff seeking a preliminary injunction must do more than establish a genuine dispute of material fact (*i.e.*, what must be done "to survive a summary judgment motion") says *nothing* about whether preliminary-injunction evidence must be admissible.

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system that will send notification of such filing upon all ECF filing participants.

July 29, 2022

                                            */s/ Lori A. Bullock*